IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            *Plaintiff*,<br>v.<br><br>WEILING NIELSEN,<br><br>            *Defendants.* | Case No. 18-CR-40054-HLT |

### SENTENCING MEMORANDUM

Defendant Weiling Nielsen will come before this Court for sentencing on June 26, 2019. The defense submits this sentencing memorandum in support of the proposed sentence in the Rule 11(c)(1)(C) plea agreement (Doc. 32).

Pursuant to the terms of the plea agreement, the parties jointly propose to the court a sentence of: (a) three years of probation on Count 1, 18 U.S.C. § 371; (b) no fine; and (c) the mandatory special assessment of $100. In addition, pursuant to paragraph nine of the plea agreement, Ms. Nielsen agrees to the imposition of a forfeiture judgment against her in the amount of $650,000, to be payed it in full by sentencing. The payment will be accomplished in two parts: (1) a loan in the amount of $478,000 (secured by Ms. Nielsen's real estate) will be placed in escrow and paid to the United States Marshals Service; and (2) the $172,000 balance will be paid by a check drawn on counsel's trust account and payable to the United States Marshals Service. After the plea hearing, counsel for the government requested that Ms. Nielsen consent to an additional judgment in the amount of $1,390, constituting

proceeds seized from a business. Ms. Neilsen has not claimed an interest in the $1,390 and did not own the business at the time of the seizure.

The presentence report calculates the offense level for Ms. Nielsen at a level 12 and her criminal history at I, resulting in a Zone C guideline range of 10 to 16 months. Pursuant to USSG 5C1.1(d), the minimum term of the guideline range in Zone C may be satisfied by a split sentence, half in prison and half in a residential reentry center or home confinement. That could translate to a five month sentence followed by five months on house arrest. In short, the proposed Rule 11(c)(1)(C) sentence represents only a small departure from the guideline sentence.

The proposed Rule 11(c)(1)(C) sentence is appropriate for these reasons: (1) Ms. Nielsen has been cooperative throughout the duration of her case, including providing information to the government that confirmed facts they knew as well as additional insight; (2) Ms. Nielsen promptly met with counsel for the government, negotiated a large forfeiture judgment, and agreed to payment of that judgment on or before sentencing; and (3) Long before the Indictment was filed, Ms. Nielsen had sold her interests in the businesses of inquiry or simply shut them down. Counsel for the government and the defense will elaborate at sentencing on these and other justifications for the proposed Rule 11(c)(1)(C) sentence.

With respect to this third point, Ms. Nielsen's interest in and/or association with the businesses described in the presentence investigation report terminated in 2015 and 2016. Ms. Nielsen transferred Jasmine Massage to another person at the end of May of 2015. Naima Massage was closed on October 20, 2015, but was

subsequently reopened by a different operator and tenant not associated with Ms. Nielsen. Serenity Massage was transferred to another owner/operator in June of 2016. And ABC Massage, which is also referenced in the presentence investigation report, was not an entity that Ms. Nielsen had an ownership interest in.

When reviewing the facts in the presentence investigation report, Ms. Nielsen was concerned that it referenced facts from the totality of the investigation and was not circumscribed to her involvement. Ms. Nielsen, in fact, voluntarily removed herself from all the massage businesses by June of 2016—long before the Indictment and before she was aware of any law enforcement investigation

For all of these reasons, the defense believes that the proposed Rule 11(c)(1)(C) sentence is appropriate and urges the court to accept it.

Respectfully submitted,

Joseph, Hollander & Craft LLC
*Attorneys for Defendant Weiling Nielsen*

By:   s/Christopher M. Joseph
      Christopher M. Joseph, #19778
      Carrie E. Parker, #24988
      1508 S.W. Topeka Blvd.
      Topeka, Kansas 66612
      (785) 234-3272
      (785) 234-3610 fax
      cjoseph@josephhollander.com
      cparker@josephhollander.com

## CERTIFICATE OF SERVICE

  I hereby certify that on May 9, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

              <u>s/ Christopher M. Joseph</u>
              Christopher M. Joseph